IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:09-MC-00032

| | |
|---|---|
| Hy-Ko Products Company, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| The Hillman Group, Inc., ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

This matter is before the court upon movant Kaba Ilco Corp's ("Kaba") Objection and Motion to Quash Subpoena **[DE-1]** issued by Plaintiffs Hy-Ko Products Company and Aurora Properties Holding Company, LLC ("Hy-Ko"). Hy-Ko has responded to Kaba's objection and motion to quash **[DE-7]**, and accordingly, the matter is now ripe for adjudication.

**Statement of the Case**

Kaba, a North Carolina company, produces a wide range of key and lock technologies including key cutting machines, automotive key equipment, and control access solutions. Kaba also supplies key blanks to stores like True Value, Ace, and Do It Best. Kaba is not a party to the underlying action, which involves an alleged infringement of patent rights related to key cutting technologies.

The underlying action is being litigated in the Northern District of Ohio.[1] The action involves two patents owned by The Hillman Group ("Hillman"), U.S. Patent No. 7,114,894 ("the '894 patent"), and U.S. Patent No. 6,064,747 ("the '747 patent"). Hillman, the defendant in the underlying action, is Hy-Ko's competitor. Hillman, at various times, has claimed that Hy-Ko has infringed both the '894 and '747 patents. Hy-Ko has sought a declaratory judgment that the '894 and '747 patents are invalid and not infringed.

Hy-Ko contends that Hillman supplied Kaba with detailed information regarding Hy-Ko's cutting machines in an attempt to encourage Kaba to file its own patent infringement claim against Hy-Ko. Hy-Ko served Kaba with a subpoena on July 16, 2009 to produce a broad range of documents. Kaba raised two objections to the subpoena pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure: (1) the subpoena would require the disclosure of privilege or other protected matter, and (2) the subpoena fails to allow a reasonable time to comply and imposes an undue burden, particularly in light of the scope of the requested production.

Kaba has since produced responses to requests 1, 2, 4, 8, and 9, which directly relate to the underlying infringement suit. The remaining documents in dispute 3, 5, 6, 7, 10, and 11 are the subject of the instant motion. Hy-Ko has agreed to withdraw request number 3 if the remaining documents 5, 6, 7, 10, and 11 are produced by Kaba. Nonetheless, Kaba has filed this motion to quash pursuant to Rule 45 of the Federal Rules of Civil Procedure.

---

[1]Civil Action No. 08:08-CV-1961

2

Case 5:09-mc-00032   Document 18   Filed 10/08/09   Page 2 of 6

**Discussion**

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in pertinent part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." A person not a party to the action may be compelled to produce documents and things or submit to an inspection as provided in Rule 45. See Fed. R. Civ. P. 34(c).

The standard for relevance during the discovery phase is different than the standard employed at trial. In order to be discoverable, the information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). During discovery, relevance is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978). The burden of showing that the requested discovery is not relevant to the issues in litigation rests on the party resisting discovery. See Spell v. McDaniel, 591 F. Supp. 1090, 1114 (E.D.N.C. 1984). Moreover, broadly-worded relevancy objections and the recitation of stock phrases such as "over-broad" and "burdensome" do nothing to explain in what manner the discovery sought is objectionable.

In the usual instance, objections to discovery which simply recite stock phrases are not colorable. Cf. Hickman v. Taylor, 329 U.S. 495, 507 (1947) (mutual knowledge of all

3

relevant facts is essential; thus, either party may compel the other to disgorge facts in his possession). Generally, the mere cry of burdensomeness or irrelevance without any statement in support of these objections is disfavored by the court. See, e.g., Leumi Financial Corporation v. Hartford Accident and Indemnity Company, 295 F. Supp. 539, 544 (S.D.N.Y. 1969) (broad objection of burdensomeness not considered without indication why interrogatories are difficult to answer).

The court notes that Kaba did not raise an objection on the grounds of relevance in its memoranda. Specifically, Kaba states "[b]ecause Kaba is not familiar with the issues in the underlying suit, Kaba is not at this point in a position to address the question or [sic] whether or not the requests are relevant." **[DE-2]**, p. 2. Nonetheless, the court finds that the requested documents are relevant to the underlying action.

Instead of asserting the issue of relevance, Kaba argues that the requests require Kaba to produce thousands of documents from its enterprise and that responding to the subpoena would require an enormous allocation of resources, could take several months, and involve several hundred employees. Kaba quantifies that such productions would be impermissibly broad and unduly burdensome. As discussed, assertions in this form are disfavored.

Kaba also argues that the requests require Kaba to reveal pricing or business strategy, order documents, shipping documents, delivery data, and the opinions of Kaba's patent counsel, which constitute as privileged or other protected matters. The normal manner of raising a privilege is by objection to a particular request or inquiry and producing a privilege

4

Case 5:09-mc-00032   Document 18   Filed 10/08/09   Page 4 of 6

log detailing documents, or portions thereof, claimed to be protected from disclosure in order to assert a privilege or other protected matter. Kaba has not done this.

Hy-Ko, in its brief in opposition, asserts that the protective order in the underlying suit would allow Kaba to produce requested documents subject to an Attorneys' Eyes Only restriction. Hy-Ko further asserts, pursuant to the protective order, that Hy-Ko would be required to seek Kaba's permission or assistance from this court to use any of the requested documents at the trial of the underlying suit. The court assumes, without deciding, that the protective order in the underlying action adequately shields Kaba's interests or provides appropriate remedies to allow Kaba to enforce the protective order.

As several months have past since the issuance of the subpoena, the court need not decide whether the subpoena failed to allow a reasonable time to comply.

Since Kaba has made no showing on the issue of relevance and minor substantive showing on the issue of undue burden, and as Hy-Ko has agreed to withdraw request number 3, the instant motion is granted in part and denied in part. Kaba shall not be required to produce a response to request number 3; but, shall produce responses to document requests 5, 6, 7, 10, and 11, along with an associated privilege log for documents withheld on the basis of a privilege. For clarity, Kaba is required to respond to the following requests:

> 5. All Documents or Communications including internal memoranda, notes, emails, transcripts of voicemails, records, phone logs, and any other writings referring to or relating to Hy-Ko, its inventions, key-cutting machines, or key products.
>
> 6. All Documents or Communications including internal memoranda, notes,

emails, transcripts of voicemails, records, phone logs, and any other writings referring to or relating to issues of competition between or among Kaba Ilco or Hillman and Hy-Ko.

7. All Communications between you and any Third-Party relating or referring to Hy-Ko, or its intellectual property, inventions, key-cutting machines, key products, or issues of competition between or among Kaba Ilco or Hillman and Hy-Ko.

10. All Documents referring or relating to, or constituting Communications regarding, Hy-Ko's customer relationships, including but not limited Orchard Supply, Walmart, and Home Depot.

11. All Documents referring or relating to, or constituting, contracts or agreements between Kaba Ilco and Hillman relating to either or both companies' key or key-cutting business.

## Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Kaba's Objection and Motion to Quash Subpoena is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Kaba shall produce responses to document requests 5, 6, 7, 10, and 11, along with an associated privilege log for documents withheld on the basis of a privilege, to Hy-Ko **not later than Monday, November 8, 2009**.

**DONE AND ORDERED** in Chambers at Raleigh, North Carolina this 8th day of October, 2009.